1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Michael Marchand (SBN 281080)
   mmarchand@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Los Angeles, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiff
   Reed Krakoff, LLC*
7

8                 UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10

11 REED KRAKOFF, LLC, a Delaware          ) CASE No. CV12-03589 RSWL-JG
12 Corporation,                           )
                                          ) **ORDER RE CONSENT JUDGMENT**
13              Plaintiff,                ) **INCLUDING A PERMANENT**
                                          ) **INJUNCTION AND VOLUNTARY**
14      v.                                ) **DISMISSAL OF ACTION WITH**
                                          ) **PREJUDICE AS TO DEFENDANT**
15 NEW WEALTH TRADING, INC., dba          ) **TEDDY, INC.  [28]**
16 TOSCA USA, a California Corporation;   )
   NAM DEUK WOO, an individual; and       )
17 TEDDY, an unknown business entity, and )
18 DOES 1-10,  inclusive,                 )
                Defendants.               )
19 

20

21      WHEREAS Plaintiff Reed Krakoff, LLC ("Reed Krakoff") and Defendant

22 Teddy, Inc. ("Teddy") have entered into a Settlement Agreement and Mutual Release

23 as to the claims in the above reference matter.  Defendant, having agreed to consent to

24 the terms below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as

25 among the parties hereto that:

26      1.   This Court has jurisdiction over the parties to this Final Judgment and has

27 jurisdiction over the subject matter hereof pursuant to 28 U.S.C. § 1331, 1338.

28 ///

1    2.    Reed Krakoff is the owner of the "Boxer Bag" design patent (D625,516) depicted below:



3.    Plaintiff has alleged that Defendant's purchase and sale of products which infringe upon the "Boxer Bag" design patent constitutes patent infringement and unfair competition.  Without admitting to liability, Defendant has agreed to all terms set forth herein.

4.    Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Boxer Bag design patent, either directly or contributorily, in any manner, including but not limited to:

(a)    Manufacturing, importing, purchasing, distributing, advertising, offering for sale, and/or selling any products which bear designs identical, substantially similar, and/or confusingly similar to the "Boxer Bag" design patent;

(b)    Using the "Boxer Bag" design patent or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise;

(c) Passing off, inducing or enabling others to sell or pass off any products or other items that are not Plaintiff's genuine merchandise as genuine Reed Krakoff merchandise;

(d) Committing any other acts calculated to cause purchasers to believe that Defendant's products are Reed Krakoff's genuine merchandise unless they are such;

(e) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the "Boxer Bag" design patent, or any reproduction, counterfeit, copy or colorable imitation thereof; and

(f) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(f) above.

5. Plaintiff and Defendant shall bear their own costs associated with this action.

6. The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

7. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendant Teddy, Inc., but shall remain active as to all additionally named Defendants.

IT IS SO ORDERED

DATED: August 13, 2012

**RONALD S.W. LEW**
_____
Honorable Ronald S. W. Lew
Senior, U.S. District Court Judge